446

UNITED AIR LINES, INC., Petitioner,

v.

CIVIL AERONAUTICS BOARD,
Respondent.

Modern Air Transport, Inc., Quaker City
Airways, Inc., All American Airways,
Inc., et al., Intervenors.

EASTERN AIR LINES, INC., Petitioner,

v.

CIVIL AERONAUTICS BOARD,
Respondent.

Quaker City Airways, Inc., Modern Air
Transport, Inc., All American Air-
ways, Inc., et al., Intervenors.

PAN AMERICAN WORLD AIRWAYS,
INC., Petitioner,

v.

CIVIL AERONAUTICS BOARD,
Respondent.

Quaker City Airways, Inc., Modern Air
Transport, Inc., All American Air-
ways, Inc., et al., Intervenors.

ATCHISON, TOPEKA & SANTA FE
RAILWAY COMPANY et al.,
Petitioners,

v.

CIVIL AERONAUTICS BOARD,
Respondent.

Modern Air Transport, Inc., Supplemental
Air Carrier Conference, United States
Overseas Airlines, Inc., Quaker City
Airways, Inc., All American Airways,
Inc., et al., Intervenors.

TRANS WORLD AIRLINES, INC.,
Petitioner,

v.

CIVIL AERONAUTICS BOARD,
Respondent.

Quaker City Airways, Inc., United States
Overseas Airlines, Inc., Supplemental
Air Carrier Conference, Modern Air
Transport, Inc., All American Airways,
Inc., et al., Intervenors.

AMERICAN AIRLINES, INC., Petitioner,

v.

CIVIL AERONAUTICS BOARD,
Respondent.

Quaker City Airways, Inc., United States
Overseas Airlines, Inc., Supplemental

Air Carrier Conference, Modern Air
Transport, Inc., All American Airways,
Inc., et al., Intervenors.

DELTA AIR LINES, INC., Petitioner,

v.

CIVIL AERONAUTICS BOARD,
Respondent.

Quaker City Airways, Inc., Modern Air
Transport, Inc., All American Air-
ways, Inc., et al., Intervenors.

NORTHWEST AIRLINES, INC.,
Petitioner,

v.

CIVIL AERONAUTICS BOARD,
Respondent.

Modern Air Transport, Inc., Quaker City
Airways, Inc., All American Air-
ways, Inc., et al., Intervenors.

NATIONAL AIRLINES, INC., Petitioner,

v.

CIVIL AERONAUTICS BOARD,
Respondent.

Modern Air Transport, Inc., Quaker City
Airways, Inc., All American Air-
ways, Inc., et al., Intervenors.

Nos. 15025, 15027, 15032, 15034, 15035,
15045, 15047, 15050, 15051.

United States Court of Appeals
District of Columbia Circuit.

Argued March 1, 1960.

Decided April 7, 1960.

Mr. Robert L. Stern, Chicago, Ill., with whom Mr. William M. Dickson was on the brief for petitioner in No. 15025, argued for all petitioners. Mr. James Francis Reilly, Washington, D. C., also entered an appearance for petitioner in No. 15025.

Mr. E. Smythe Gambrell, Atlanta, Ga., was on the brief for petitioner in No. 15027.

Messrs. Robert C. Barnard, Washington, D. C., and John C. Pirie, New York City, were on the brief for petitioner in No. 15032.

Mr. J. D. Feeney, Jr., Chicago, Ill., was on the brief for petitioner in No. 15034.

Mr. James K. Crimmins, New York City, was on the brief for petitioner in No. 15035. Mr. James D. Simpson, New York City, also entered an appearance for petitioner in No. 15035.

Messrs. Howard C. Westwood and William H. Allen, Washington, D. C., were on the brief for petitioner in No. 15045. Messrs. Gerry Levenberg and Alfred V. J. Prather, Washington, D. C., also entered appearances for petitioner in No. 15045.

Mr. R. S. Maurer, Atlanta, Ga., was on the brief for petitioner in No. 15047. Messrs. Joseph J. O'Connell, Jr., Robert Reed Gray and James W. Callison, Washington, D. .C., also entered appearances for petitioner in No. 15047.

Mr. C. Edward Leasure, Washington, D. C., was on the brief for petitioner in No. 15050.

Mr. Richard A. Fitzgerald, Washington, D. C., was on the brief for petitioner in No. 15051. Mr. Andrew T. A. MacDonald, Washington, D. C., also entered an appearance for petitioner in No. 15051.

Mr. O. D. Ozment, Associate Gen. Counsel, Litigation and Research, Civil Aeronautics Board, with whom Mr. Franklin M. Stone, Gen. Counsel, Civil Aeronautics Board, Mr. John H. Wanner, Deputy Gen. Counsel, Civil Aeronautics Board, Mr. Robert L. Toomey, Atty., Civil Aeronautics Board, and Mr. Richard A. Solomon, Atty., Dept. of Justice, were on the brief, for respondent.

Mr. Albert F. Beitel, Washington, D. C., who was on the brief for intervenor Modern Air Transport, Inc., and certain other intervenors, argued for all intervenors.

Mr. Dewitt T. Yates, Washington, D. C., was on the brief for intervenor United States Overseas Airlines and also entered an appearance for intervenor Supplemental Air Carrier Conference in Nos. 15034, 15035, and 15045. Mr. Henry F. Eaton, Washington, D. C., entered an appearance for intervenors United States Overseas Airlines and Supplemental Air Carrier Conference in Nos. 15034, 15035, and 15045.

Before PRETTYMAN, Chief Judge, and WILBUR K. MILLER and FAHY, Circuit Judges.

PRETTYMAN, Chief Judge.

■ This is another phase of the problem of the supplemental air carriers.[1] The Board decided to certificate in this service those carriers which qualified for certification under its views of the criteria for qualification. Accordingly it issued certificates to certain of our intervenors here (Order No. E–13436). Those certificates purported to authorize operation "[b]etween any point in any State of the United States or in the District of Columbia, and any other point in any State of the United States or in the District of Columbia, with respect to persons and property."

The authority to issue certificates is conferred on the Board by Section 401 of the Federal Aviation Act of 1958.[2] Paragraph (e) of that Section provides in part:

"Each certificate issued under this section shall specify the terminal points and intermediate points, if any, between which the air carrier is authorized to engage in air transportation and the service to be rendered; * * *."

It seems plain beyond possibility of debate that a blanket authorization to operate between any two points in the United States is not a specification of the terminal points and the intermediate points, if there be any intermediate stopping points, of the operation. The legislative history supports this clear reading.

■ The certificates issued here also contained a limitation of the operation to ten flights each calendar month in the same direction between the same two points. Section 401(e) of the Act contains this provision: "No term, condition, or limitation of a certificate shall

1. Large Irregular Carriers, Exemptions, 11 C.A.B. 609 (1950); American Airlines v. Civil Aeronautics Board, 98 U.S.App. D.C. 348, 235 F.2d 845 (D.C.Cir.1956).

2. 72 Stat. 754, 49 U.S.C.A. § 1371.

restrict the right of an air carrier to add to or change schedules * * *." Failure of these certificates to observe this prohibitive restriction seems clear.

■■ The Board and the intervenors argue that supplemental air service is in the public interest and that the over-all statutory scheme and the legislative history indicate an intention on the part of the Congress to empower the Board to issue certificates when it finds certificates to be in the public interest. But these generalities of intent and history cannot strike from a statute peremptory, unambiguous directives. If the requirements of Section 401(e) interpose an insuperable obstacle to the full development of supplemental air service, which they may well do, the problem is for the Congress. The Board should present it there. The courts cannot rewrite plain statutory terms, unless the inadvertent result of plain wording is absurd when applied to certain facts.

■■ Section 401(d) (1) of the Act provides that

> "The Board shall issue a certificate authorizing the whole or any part of the transportation covered by the application, if it finds that the applicant is fit, willing, and able to perform such transportation properly * * *."

The Board gave the same nationwide cargo and passenger authority to each of the applicants to which it issued certificates. In many instances the prior operations of individual applicants had been small or specialized, and in many instances the financial resources, adequate for the types of operations theretofore conducted by the carriers, were obviously inadequate for operations of the scope authorized by the certificates.

The Board argues that it gave weight to "going-concern" status (which petitioners call the "renewal" aspect) and careful consideration to the carriers' financial position and managerial make-up. But we think some effect must be

given the word "such" in the above-quoted part of Section 401(d) (1). The applicant must be found fit, willing and able to perform "such" transportation, obviously referring to the transportation authorized by the certificate. Since these certificates were nationwide in scope and broad in authority, the qualifications of the applicants for that sort and kind of operation is the statutory prescription. Within that general concept, going-concern status and financial position are important considerations. But they must be considered only in so far as they indicate qualifications for the operation authorized in the certificate. Those considerations in less expansive measure might well be the criteria for more limited certifications.

The Board says that, based upon experience with these carriers, it determined that authority for these supplemental operations need not, and should not, be parcelled out in limited segments of the over-all supplemental picture. The Board says it concluded that the certification of a number of carriers, left basically free to pick and choose for themselves the phases of the program in which they would operate, would best meet the needs of the public. But the Congress put into its statute clear requirements as to certificates, and those requirements for specified terminal points and intermediate points, if any, are counter to the sweeping pick-and-choose concept which the Board says guided it. It may be that the supplemental air carrier problem had not fully developed when the original statute was enacted,[3] or it may be that Congress meant the pattern to be precisely as it delineated it, but in either event a scheme of certification different from the one Congress spelled out is a problem for the Congress.

We do not have before us in the present case exemption authority under Section 416 of the Act and so express no opinion on that matter.

---

3. The predecessor statute, the Civil Aeronautics Act of 1938, did not differ in pertinent part from the current Act.

■■■

The orders of certification embraced in Board Order No. E–13436 must be set aside and the proceedings remanded.

The petitions for review also include an order of the Board [4] which denied petitioners' motions for reconsideration of the orders of the Board entered in 1955.[5] Those orders were set aside by this court in American Airlines v. Civil Aeronautics Board.[6] But the Board says its underlying findings of a public necessity for a supplemental air service were not disturbed by this court's opinion and decision, and remain available as a premise for its new order [7] granting the certificates. Petitioners say the statute requires a finding of public convenience and necessity for each grant of a certificate, i. e., for each certificated carrier. They therefore say the Board is required to reopen its old orders on this issue. Since we hold that the certificates granted are not authorized, we do not reach the question of the sufficiency of the underlying findings. Moreover we think it is not necessary that the Board reopen the old orders to supply a lack, if any there be, in whatever new orders the Board may issue. The sufficiency of the support of any such new orders must depend upon the nature and extent of the support upon which the Board then relies. That question will arise if such orders are entered and are attacked. We intimate no opinion upon that issue. We regard the problem posed by the challenge to Order No. E–13435 as not now before us, in view of our action in respect to the principal order under review, the order granting the certificates.[8]

Order No. E–13436 set aside and proceedings remanded.

FAHY, Circuit Judge (concurring in the result and generally in the opinion).

I agree that the order of certification must be set aside and the case remanded. I also agree with the opinion of the court except that I think the Board had adequate basis in the record to find, in accordance with section 401(d) (1) of the Act, that the applicants were fit, willing and able to perform the transportation properly.